**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHAWN P. MORROW,

                Plaintiff,

vs.                                              Case No. 3:19-cv-183-J-32JRK

BILLY NIMNICK and LEE NIMNICK,

                Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

        This cause is before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 3), filed March 11, 2019, that the Court construes as a Motion to Proceed In Forma Pauperis ("Motion").[2] Upon review of the file, the undersigned recommends that the case be dismissed for failure to prosecute.

        Plaintiff initiated this action pro se on February 11, 2019 by filing a document titled "Notice of Intent to File a Civil Suit Against Billy and Lee Nimnick" (Doc. No. 1) that the Court construes as a Complaint. On March 12, 2019, the undersigned entered an Order (Doc. No. 4) taking the Motion under advisement. Observing that the case appears subject to dismissal for frivolity and lack of subject matter jurisdiction, Plaintiff was directed to file an Amended

---

        [1]      "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

        [2]      Plaintiff filed the Motion at the Court's direction. See Order (Doc. No. 2), entered February 13, 2019.

Complaint by April 12, 2019; alternatively, Plaintiff was directed to pay the filing fee by April 12, 2019. See Order at 1, 6.

Plaintiff failed to act by April 12, 2019. Consequently, the undersigned entered an Order to Show Cause (Doc. No. 6) on April 15, 2019, directing Plaintiff to show cause by May 15, 2019 as to why the undersigned should not recommend dismissal of the matter for failure to prosecute. See Order to Show Cause at 2. Plaintiff was also directed to comply with the March 12, 2019 Order by May 15, 2019. Id. Plaintiff was warned that failure to respond by May 15, 2019 may result in a recommendation of dismissal without further notice. Id.

To date, Plaintiff has not responded in any way to the Order to Show Cause, and he has not complied with the March 12, 2019 Order. Accordingly, it is

**RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** for failure to prosecute pursuant to Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida.

2. That the Clerk of Court be directed to terminate all pending motions and close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on May 21, 2019.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Pro se party